Mary A. JAWORSKI, Plaintiff,

v.

WESTPLEX CORPORATION, R.E. Chapin Manufacturing Works, Inc., and David Ward, Defendants.

No. 97–CV–6434T.

United States District Court, W.D. New York.

Aug. 28, 1998.

Philip H. McIntyre, Jaeckle, Fleischmann & Mugel, Buffalo, NY, Michael E. O'Neill, Rochester, NY.

## DECISION and ORDER

TELESCA, District Judge.

### INTRODUCTION

Plaintiff Mary A. Jaworski, ("Jaworski"), a 47 year old female, brings this action pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5, and the New York Human Rights Law, codified at § 296 of the New York Executive Law, claiming that she was terminated from her employment on the basis of her age, and was discriminated against on the basis of her sex with respect to the conditions and terms of her employment. Specifically, Jaworski, who worked for the defendant as a Human Resources Manager, alleges that the defendant Westplex Corporation, ("Westplex"), discriminated against her during a reduction in force by firing her and replacing her with a significantly younger employee, and by denying her separation benefits that were available to male employees.

Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure claiming that there are no material issues of fact in dispute, and that it is entitled to judgment in its favor as a matter of law.

### BACKGROUND

In June of 1995, Plaintiff Mary Jaworski, who was then 44 years old, was hired by Westplex Corporation as a Human Resources Manager. She was paid a yearly salary of approximately $55,000.00 per year, and was also allowed to hire an assistant, Jennifer Hanselman, ("Hanselman"), who at the time was 25 years old. Hanselman earned approximately $21,000.00 per year as a Human Resources Assistant. Approximately one year after plaintiff began working for the defendant, Westplex began laying off a number of managers. Over the course of four months, defendant terminated four managers, including the plaintiff, who was the last of the four to be fired. The first two managers to be terminated were Joel Shenton, the General Manager, and David Hanna, the Sales Manager. At the time of their terminations, Shenton was 54 years old, and had worked for the company for over 25 years. Hanna was 45, and had been with the company for almost nine years. According to the defendant, the two were fired because of poor performance.

On September 11, 1996, 16 days after the new General Manager took over, plaintiff, along with Steven Feaster, who was then the Manufacturing Manager, was fired. According to the defendant, Feaster was terminated because of poor performance, while plaintiff was terminated for economic reasons. Feaster, who was 46 when he was terminated, had worked for Westplex for more than 13 years. Plaintiff was 46 upon termination, and had worked for the company for one year and three months.

Upon termination, each of the managers was given a separation package. Shenton, who had been employed with the company for over 25 years was given one-year in salary benefits, and 9 months of out-placement services. Feaster, a 13–year employee with the company, was offered three-months of salary benefits, but counter-offered with five months, which was accepted by the company. Hanna, who had almost nine years with the company, was offered six months salary continuation, and four months of out-placement services. Hanna negotiated a paid golf club membership in lieu of the out-placement services, and accepted the benefits as so modified. Plaintiff, who had been with the company for just over one year, was offered two months of salary, and no out-placement services.

According to the defendant, Shenton, the former General Manager, was replaced by John Daines, who, at age 44, was nine years younger than Shenton. Hanna, the Sales Manager, was replaced by Max Leone, who was promoted from within the company. Leone was 41 at the time, ap-

proximately four years younger then Hanna. Feaster's job was divided among two individuals, one of whom was almost one year older than Feaster who was 43, and another who was one year younger. Jaworski's job was also divided among two employees, one of whom was 26, and the other whose age does not appear in the record. All of the replacements, with the exception of Shenton's, came from within the company.

## DISCUSSION

### I. *Defendant's Motion for Summary Judgment*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith' if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. *Gallo. v. Prudential Residential Services, Ltd.,* 22 F.3d 1219, 1223 (2d Cir.1994). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *Id.* at 1224.

Defendant moves for summary judgment on grounds that plaintiff has failed to make out a prima facie case of age or gender discrimination, and that even if she has, she has failed to rebut the defendant's legitimate, nondiscriminatory reason for firing her, and for offering her a lesser separation benefit. I find that plaintiff has stated a prima facie case of discrimination under the ADEA and Title VII, that defendant has articulated a legitimate, nondiscriminatory reason for firing the plaintiff and offering her a comparatively smaller separation benefit, and that plaintiff has failed to rebut the reason proffered by the defendant.

### II. *Plaintiff has stated a prima facie case under the ADEA and Title VII.*

The Age Discrimination in Employment Act provides in relevant part that: "[i]t shall be unlawful for an employer—(1) to ... discharge any individual or otherwise discriminate against any individual ... because of such individual's age ...." 29 U.S.C.A. § 623. (1985). To state a prima facie case under the Act, a plaintiff "must show that he or she: was a member of a protected class; (2) was qualified for the position; (3) was discharged; and (4) the discharge occurred in circumstances giving rise to an inference of discrimination." *Woroski v. Nashua Corp.,* 31 F.3d 105, 108 (2d Cir.1994). Plaintiff's burden in stating a prima facie case is *de minimis*. *Dister v. Continental Group, Inc.,* 859 F.2d 1108, 1114 (2d Cir.1988).

I find that plaintiff has stated a prima facie case of Age discrimination. The plaintiff is over 40, and thus is a member of a protected class. There is no dispute that she was qualified for the position she held prior to termination, or that she was discharged. Furthermore, the fact that a significantly younger employee took over the bulk of her duties may give rise to an inference of discrimination. *Burger v. New York Institute of Technology,* 94 F.3d 830, 834–35 (2d Cir.1996).

Plaintiff has also stated a prima facie case of gender discrimination. To state a claim for disparate treatment under Title VII, a plaintiff must establish essentially the same four factors set forth above: that she is a member of a protected class, was qualified for her position, that an adverse employment action was taken against her, and that the action taken against her gives rise to an inference of discrimination. In the instant case, it is undisputed that plaintiff was a member of a protected class and that she was quali-

fied for her position. Moreover, she was given a smaller separation benefit than three other managers, all of whom were male. Thus plaintiff has established an adverse employment action in being terminated and given a smaller severance benefit. Moreover, because three male managers were given larger severance packages, the fact that she received a smaller severance package gives rise to an inference of discrimination.

III. *Defendant has stated a legitimate, non-discriminatory reason for terminating the plaintiff.*

Once a plaintiff has stated a prima facie case under the ADEA, or Title VII, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for terminating the plaintiff, or for taking an adverse employment action against her. *Woroski*, 31 F.3d at 108. Westplex alleges that it terminated the plaintiff because it was facing financial difficulty. Further, defendant claims that it offered Jaworski a smaller severance benefit because of her length of service.

A. *Financial Difficulty*

■ Defendant provides ample documentation that it was experiencing substantial financial and performance problems during the 1995–96 fiscal year ending August 31, 1996. According to the Affidavit of David Ward, then President of Westplex and its parent Company Chapin, Inc., ("Chapin"), Westplex was: losing money; not meeting sales projections; experiencing serious quality control problems; and not meeting revenue projections. Affidavit of David Ward at ¶ 9. As a result, in November of 1995, 15 employees were laid off. *Id.* at ¶ 10. At that time, Ward, in a confidential memo to the Executive Committee of Chapin, noted the significant problems that faced the company including its failure to perform to projected sales levels or maintain its projected budget, and the inability or unwillingness of Westplex management to cure any of the company's deficiencies. *See* Exhibit "A" to Affidavit of David Ward. He pointed out that Westplex's sales were continuing to shrink, as they had since 1981. *Id.* According to the Company's financial statements for the fiscal year ending 1996, the company had a negative net income of $210,262. Its deficit grew from $410,167 to $620,429. *See* Exhibit "H" to Affidavit of David Ward.

By May of 1996, following continuing inability of Westplex management to improve the company's performance, Ward put General Manager Joel Shenton on notice that Shenton's job was in jeopardy barring a turn around in the company's fortunes. *See* Exhibit "F" to Affidavit of David Ward. Ward chastised Shenton for making empty promises, failing to manage the company, failing to recognize the problems Westplex faced, and failing to understand good business practices. The following month, Ward terminated Shenton, and took over as interim General Manager until a replacement could be found. In addition to terminating Shenton, Ward also fired David Hanna, the company's sales manager. Ward replaced Hanna with Max Leone, who was promoted from his position as a Marketing Representative. Within days of these firings, Ward called a company-wide meeting to discuss the serious problems facing Westplex, the management changes that had occurred, and the need to restore the company to profitability. Affidavit of David Ward at ¶ 23. It is thus apparent that Westplex faced financial difficulty when it terminated plaintiff. Accordingly, it has stated a legitimate, non-discriminatory reason for terminating her.

B. *Severance Package.*

■ Plaintiff alleges that she was given a smaller severance benefit than the three male managers that were terminated about the time of her termination. Defendant contends that the severance packages were based on length of service with the company which are discussed in more de-

tail below. This rationale for determining severance benefits satisfies the requirement ·of a nondiscriminatory reason for offering plaintiff a reduced severance benefit.

### IV. *Plaintiff has failed to rebut Defendant's proffered reason for terminating her.*

Once a defendant articulates a legitimate, nondiscriminatory reason for firing the plaintiff, the burden shifts back to the plaintiff to show that there is "a material issue of fact as to whether (1) the employer's asserted reason for the adverse employment action is false or unworthy of belief *and* (2) more likely than not the employee's age, or gender, was the real reason for the discharge." *See, Woroski,* 31 F.3d at 108–109 (citing *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 515–16, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)). Conclusory statements will not suffice to defeat a motion for summary judgment. *Goenaga,* 51 F.3d at 18.

Plaintiff alleges that the defendant's proffered reason for terminating her (that it was in financial distress) is unworthy of credence because the company was "not experiencing economic difficulties and was, in fact, operating at a profit." Complaint at ¶ 17. However, plaintiff's own actions belie this assertion. In June of 1996, just after the General Manager had been terminated, Jaworski applied for the position stating that "[a]lthough I realize that to turn this company around so that it will be profitable will be a huge undertaking, I am ready for that challenge." *See* Exhibit "L" to Affidavit of David Ward. Thus, it is apparent that plaintiff recognized the difficult financial circumstances' faced by the company in 1996. Moreover, she provides no evidence, other than her conclusory statement, that the company was profitable. Accordingly, I find that plaintiff has failed to rebut defendant's claim that it was facing financial problems when it terminated her.

But that does not end the inquiry. Even if the defendant was in difficult financial circumstances, it may not use that as an excuse for firing plaintiff because of her age. Thus if plaintiff is able to establish that discrimination was more likely than not a reason for her termination, she will have successfully rebutted defendants proffered reason for terminating her.

▮ Plaintiff, however, has failed to establish that age discrimination played a part in the decision to terminate her. The only evidence of alleged age discrimination presented is that: (1) she was replaced by a significantly younger worker; (2) that the General Manager was replaced by a person nine years younger than the former General Manager; (3) two additional managers were replaced with younger employees; (4) David Ward allegedly made a comment that he wanted a "young aggressive guy" as his Sales Manager and the subsequent replacement of the Sales Manager was by an employee three-and-½ years younger than the former Sales Manager; and (5) the proposed termination by two co-managers of an older employee to be replaced by a younger employee. For the reasons set forth below, I find that these claims do not support a conclusion that impermissible age discrimination was more likely than not the reason for plaintiff's termination, or that these claims present a triable issue of material fact.

#### 1. *Plaintiff's Replacement.*

Plaintiff contends that she was replaced by an employee 20 years her junior, and that that fact alone supports an inference of age discrimination. In the absence of any other evidence, that might be the case. But in this instance, not only has defendant provided a legitimate, non-discriminatory reason for replacing plaintiff with the younger employee, defendant has produced evidence that the idea to reduce the Human Resources department was actually suggested by plaintiff herself, albeit under different circumstances.

Plaintiff was terminated in September 1996, 16 days after John Daines, the person who made the decision to fire plaintiff, was appointed General Manager of Westplex. According to Daines, he determined that a company the size of Westplex could not afford to carry two persons in its Human Resources Department. Affidavit of John Daines at ¶ 20. In an effort to reduce payroll, Daines terminated the plaintiff, who was making $55,000.00 per year, assigned the majority of her tasks to plaintiff's assistant, Jennifer Hanselman, who was given a $6,000.00 per year raise to $27,000.00 per year. The managerial functions of her position were assigned to Marc Hurlbut, to whom Hanselman, following plaintiff's termination, reported. According to Daines, he made the decision to replace Jaworski not because she performed poorly, but because the move saved the company approximately $50,000.00 per year.

Indeed, plaintiff, only two-months earlier, had suggested the very move made by Daines. In a proposal made by plaintiff to Ward in connection with her application to become General Manager of Westplex, Jaworski recommended that Hanselman be made the sole employee of the Human Resources Department. *See* Exhibit "L" to Affidavit of David Ward. Thus plaintiff believed that Hanselman was capable of handling by herself the duties of the Human Resources Department.

Plaintiff complains that she was not given an opportunity to take a reduced salary along with increased work responsibilities. The ADEA, however, does not require an employer to offer a lower paying position to an older employee before offering that position to a younger employee, provided the reason for retaining the younger employee is not discriminatory. *Wado v. Xerox,* 991 F.Supp. 174, 201 (W.D.N.Y.1998) (ADEA does not require employer to terminate younger employee for purpose of retaining an older employee); *DiCola v. SwissRe Holding Inc.,* 996 F.2d 30, 32 (2d Cir.1993) (salary not a surrogate for age

where "employer is seeking to adjust costs to match productivity, rather than to eliminate a salary differential based on longevity."). Thus the fact that plaintiff was not offered or allowed to take a position in which she would have earned $18,000.00 per year less and would have been given increased responsibilities due to the elimination of her assistant does not in and of itself establish a discriminatory motive.

Moreover, plaintiff has failed to allege (and it does not appear from the record) that Daines exhibited any discriminatory behavior with regard to age or gender. Plaintiff has not alleged that Daines made any discriminatory remarks to anyone about employees' ages or genders. The only allegedly discriminatory action taken by Daines regarding age was his firing of Steven Feaster, the Manufacturing Manager at Westplex, and replacing him with a younger employee. The uncontested facts reveal however that Feaster, who was 43 when he was terminated was fired due to poor performance. He was replaced from within by two employees, both of whom added Feaster's former duties to their own. One of replacement employees, Gary Collier, was 42, one year younger than Feaster. The other, who was just four days shy of his 44th birthday, was slightly *older* than Feaster. Affidavit of John Daines at ¶ 13. Because the difference in ages of these employees is insignificant, the decision to terminate and replace Feaster does not give rise to any inference of discrimination.

Moreover, the termination of Feaster, and his replacement by a 42 year old employee was a move that plaintiff had advocated in her proposal to the Board in support of her application for promotion to the position of General Manager. *See* Exhibit "L" to Affidavit of David Ward. Plaintiff proposed a restructured management team that included Gary Collier, the 42 year old employee, as a replacement for Feaster. Given that plaintiff concurred with the decision made by Daines to replace Feaster, the fact that his replace-

ments were slightly older and younger than he was, and the legitimate reasoning behind that determination, I find that the replacement of Feaster does not give rise to an inference of discrimination. Plaintiff has thus failed to establish that Daines' decision to terminate her was motivated by a discriminatory purpose.

### 2. *John Daines' Hiring*

Plaintiff alleges that firing Shenton, and the hiring of a replacement manager nine years younger than Shenton gives rise to an inference of discrimination, that when combined with other allegedly discriminatory acts, establishes that defendant more likely than not discriminated against her on the basis of her age. The evidence presented by the defendant, however, refutes the claim that Shenton's termination was based on his age. Rather, the record is replete with information regarding the poor performance of Westplex under Shenton's leadership, and the lack of confidence Ward had in him. *See* Exhibit "E" to Affidavit of David Ward. Additionally, Shenton was not immediately replaced, and in fact Ward took over as interim General Manager until a replacement could be found. The replacement, John Daines, was nine years younger than Shenton, but was still a member of the protected class of workers over 40. While the mere fact that Daines was over 40 does not preclude a finding that defendant discriminated against Shenton on the basis of his age (See *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996) (holding that replacement of a protected class member with another protected class member will not preclude a finding of discrimination where the replacement is "significantly" younger than the terminated employee), the circumstances surrounding Shenton's replacement do not suggest that Ward intended to discriminate against the plaintiff).

Nevertheless, construing the facts in a light most favorable to the plaintiff, I will assume for purposes of this motion that Ward did intend to discriminate against Shenton because of his age in violation of the ADEA. Even so, the relevance of this conduct is questionable, given that Ward was not the person responsible for terminating the plaintiff. Rather, Daines made the determination that the Human Resources Department should be reduced, and that plaintiff should be terminated. Plaintiff has submitted no evidence that Ward was in any way involved in the determination to terminate the plaintiff. Accordingly, any allegedly discriminatory motive attributable to Ward is of tenuous relevance in determining whether or not impermissible discrimination played a part in Jaworski's termination.

### 3. *Termination of the remaining managers.*

Prior to plaintiff's termination, three managers were terminated for poor performance. Plaintiff alleges that these managers were replaced by younger employees, and thus a factfinder could reasonably believe that she was terminated because of her age. Two of the managers, Shenton and Feaster, are discussed at length above. In summary, Feaster was replaced by two employees, one of whom was one-year younger than the plaintiff, the other who was slightly older. Thus no inference of discrimination attaches with respect to Feaster's replacement. Defendant claims that Shenton was terminated due to severe performance problems, and plaintiff has failed to set forth any evidence to the contrary. Moreover, it was Ward, not Daines that terminated Shenton and replaced him with an employee nine years younger. Accordingly, any discriminatory inference that could arise from Shenton's termination attaches to Ward, not Daines.

The third termination/replacement involved the termination by Ward of David Hanna, the Sales Manager for Westplex. Hanna and Shenton were terminated at the same time. According to Ward, Han-

na was terminated due to the company's continued inability to increase its sales. Affidavit of David Ward at ¶¶ 11, 12. Hanna was replaced by Max Leone, a Marketing Representative who had previously reported to Hanna. Leone, who was over 40 at the time of his promotion, was just 3-and-½ years younger than Hanna.

I find that the replacement of a 43 year old manager by a direct report to that manager who is 40 years old, in absence of other evidence, does not give rise to an inference of discrimination. The age differences are too insignificant for a reasonable trier of fact to conclude that the older employee was terminated because of his age. Moreover, it is not uncommon for a subordinate to replace a superior who is terminated because of his or her poor performance. Therefore, I find the circumstances of Hanna's termination or replacement do not support plaintiff's claim that the termination was motivated by age discrimination.

### 4. Alleged Discriminatory Remark

█ Plaintiff alleges, however, that she has provided additional evidence that would support an inference of discrimination with respect to Hanna's termination. Plaintiff claims that Ward confided in her prior to Hanna's termination that he would like to replace Hanna with a younger, more aggressive Sales Manager. While Ward denies making this remark, it must be assumed for purposes of this motion that the remark was made. Even so, such a remark does not change the undisputed facts regarding Hanna's Termination. Ward was dissatisfied with management at Westplex, sales were decreasing, costs were increasing, and management seemed incapable of improving the company's performance. Ward terminated the General Manager, took over the position on an interim basis, terminated Hanna, the Sales Manager, and replaced him with a subordinate who was less than four years younger. Ward's actions thus belie the discriminatory remark he allegedly made.

Moreover, Ward was not responsible for terminating the plaintiff. Plaintiff has not alleged that Ward made the decision to terminate her, nor is there any evidence in the record supporting the claim. Accordingly, evidence of an allegedly discriminatory remark made by the president of the company will not support a conclusion that the plaintiff was discriminated against where the president did not make the determination to fire the plaintiff, and where the evidence suggests that despite the alleged remark, the president did not carry out the allegedly discriminatory action.

### 5. Attempted Discrimination against other employees.

Finally, plaintiff complains that two co-managers allegedly suggested replacing an employee in her 40's or 50's with a younger employee, who was in her 30's. Plaintiff alleges that the two managers—neither of whom supervised the plaintiff, wanted to get rid of the older employee because of her age, and because she lacked energy. She claims that the managers decided not to terminate the older employee after she consulted with them and told them that such a personnel move could be considered as motivated by age discrimination.

Plaintiff claims that this incident supports an inference of illegal discrimination. I disagree. The evidence indicates the contrary: that the co-managers were sensitive to the possibility that the termination of an older employee and promotion of a significantly younger one could be considered discriminatory, and thus decided not to fire the older employee.

Even viewing the evidence as plaintiff suggests, this incident does not support a claim that she was discriminated against on the basis of her age. The co-managers involved had no supervisory or managerial relationship to the plaintiff, and exercised no control over the conditions of her employment. Thus even if discriminatory motives were imputed to these two managers, such motives could not be imputed to Daines, who may not have even been em-

ployed with the company at the time this incident occurred.[1]

### V. *Alleged Gender discrimination*

Plaintiff claims that she was discriminated against on the basis of her gender because she was given a smaller benefit than male employees, and that unlike male employees, she was not allowed to negotiate her severance. The undisputed evidence establishes that the severance benefits were determined on the basis of years of service with the company. Shenton had 25 years—and was given one year of salary. Hanna had 9 years, and was given 6 months of salary by Ward. Daines, who fired Feaster, who had 13 years with the company, offered Feaster 3 months of salary—but gave him 5 months after Feaster requested it. Plaintiff had only one year and three months of service with the defendant, and was offered two months salary continuation as a severance benefit. Thus defendant has demonstrated a legitimate non-discriminatory scheme for determining severance benefits.

Plaintiff claims that unlike the male managers that were terminated, she was not allowed to negotiate her severance package. However, of the three male managers terminated, only Hanna and Feaster negotiated changes to their benefits. Hanna negotiated payment of golf club-membership dues in lieu of out-placement assistance. Feaster negotiated an extra two months of salary continuation. Since there is no other allegation of gender based discrimination in the complaint, and that the defendant based severance on length of service, these facts do not support a claim of gender discrimination.

### CONCLUSION

Plaintiff has stated a prima facie case of age and gender discrimination, but has failed to rebut defendant's proffered reason for firing her or giving her a lesser separation benefit. Accordingly, defendants motion for summary judgment is granted.

ALL OF THE ABOVE IS SO ORDERED.

---

**1.** Plaintiff contends that this incident occurred in the late summer or early fall of 1996. Daines was not employed with West- plex until August 26, 1996—16 days prior to his termination of the plaintiff.